IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY ARNOLD YOUNG,**
   **Petitioner,**

v.                                                          Civil Action No. 3:06CV20
                                                            (JUDGE BROADWATER)

**UNITED STATES OF AMERICA,**
   **Respondent.**

## REPORT AND RECOMMENDATION

On February 16, 2006, the *pro se* petitioner, Larry Young, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 requesting that his sentence be modified. By Order entered March 13, 2006, the Court directed the respondent to show cause why the writ should not be granted. On April 12, 2005, the respondent filed its response, and on May 4, 2006, the petitioner filed a reply to the respondent's response.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 17, 1988, in the Southern District of West Virginia, petitioner was named in a 33-count Superseding Indictment charging him with racketeering acts involving illegal substances, conspiracy to distribute oxycodone and cocaine, interstate travel in aid of racketeering, possession with intent to distribute cocaine, distribution of cocaine to a person under 21 years of age, and distribution of marijuana. On December 15, 1988, the petitioner pleaded guilty to a single count Information charging him with violation of 21 U.S.C. §848 (1:88CR112, Doc. 61), with the understanding that the United States would move to dismiss the 33-count Superceding Indictment

at final disposition. On March 9, 1989, the petitioner was sentenced to a 40 year term of imprisonment and a fine in the amount of $10,000. It appears that because petitioner's offense conduct as alleged in the Information occurred prior to the effective date of the United States Guidelines, November 1, 1987, the District Court did not resort to the Guidelines in determining his sentence but rather determined his sentence pursuant to 18 U.S.C. §3553. The 33-count Superseding Indictment was dismissed upon the motion of the United States. Petitioner did not appeal his sentence.

Petitioner has initiated several actions in the Southern District of West Virginia seeking relief under 28 U.S.C. § 2255 and requesting a reduction of his sentence. Petitioner filed his first motion on May 17, 1990, setting forth two grounds for relief. (1:90CV481) First, he argued that he was not fully aware that he was pleading to a non-parolable charge. Second, he argued that he was not given a hearing on his objections to the presentence investigation report prior to sentencing. The District Court concluded that the first of these two grounds was valid, and by Order entered on February 28, 1991, the District Court set aside the plea and conviction without prejudice. The United States filed a motion asking the Court to reconsider its order entered February 28, 1991. Following an evidentiary hearing, the District Court reversed its position and on June 8, 1992, set aside its order of February 28, 1991. U.S. v. Young, 1992 WL 511286 (S.D.W.Va. 1992). The order also instructed petitioner's trial counsel to respond to the allegations that he failed to file an appeal as requested. Following an evidentiary hearing, the Court denied petitioner's claim of ineffective assistance of counsel. U.S. v. Young, 1993 WL 278576 (S.D.W.Va. 1993). The Fourth Circuit affirmed the District Court's decision. United States v. Young, 993 F.2d 1541 (4th Cir. 1993).

On September 23, 1998, petitioner filed a Motion for Reduction of Sentence. (1:88CR112,

2

Doc. 138A) The District Court denied petitioner's Motion by Order entered on September 25, 1998. (Doc. 139) Petitioner moved for reconsideration (Doc. 140), and the District Court denied this further Motion by Order entered on October 29, 1998. (Doc. 143) The Fourth Circuit affirmed the District Court's decision, and the United States Supreme Court denied review. United States v. Young, 173 F.3d 853 (4th Cir. 1999), *cert. denied*, 528 U.S. 890 (1999).

On June 28, 1999, petitioner filed another motion for reduction of sentence pursuant to Rules 35 (a) and (b) of the Federal Rules of Civil Procedure and the Fifth Amendment to the United States Constitution. (1:99CV546) The District Court denied this motion on July 2, 1999.[1]

Petitioner filed yet another Motion for Reduction/Correction/Modification of Sentence on February 14, 2000. (1:88CV112, Doc. 179) The District Court denied this Motion on February 14, 2000, and the Fourth Circuit affirmed the decision. United States v. Young, 217 F.3d 843 (4th Cir. 2000), *cert. denied*, 531 U.S. 9328 (2000).

On May 22, 2001, petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (1:01CV461) Petitioner claimed relief on the basis of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court denied the Motion by Order filed on July 17, 2001, on the grounds that Apprendi was not applicable retroactively, and Petitioner's Motion constituted a second or successive Motion for relief under Section 2255 filed without authorization of the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed the District Court's Decision. United States v. Young, 26 Fed.Appx. 330 (2002).

---

[1] In issuing her decision, Judge Hallanan noted that she was growing extremely impatient with the petitioner's repetitive motions. As she stated: "Defendant continues to use the same arguments that this Court, as well as the United States Court of Appeals for the Fourth Circuit, has ruled on...The Court again **denies** the Defendant's motion for relief and find this to be another frivolous motion filed on behalf of the Defendant." Civil Action No. 1:99cv546, Doc.3.

3

On April 4, 2003, petitioner filed a Motion to Correct Sentencing referring to "Old Rule" 35(a). (1:03CV301) The District Court denied the Motion by Order entered May 1, 2006, finding that although the petitioner styled his action as a motion to correct a sentence under Rule 35, his petition was actually a Section 2255 petition. Because it was successive, the Court determined that it must be dismissed. (Doc. 20). The District Court's Decision is currently on appeal to the Fourth Circuit.

On February 16, 2006, petitioner filed his pending motion under 28 U.S.C. § 2241.[2] In this motion, petitioner makes the following arguments:

(1) The Federal Bureau of Prisons unlawfully computed his sentence.

(2) The District Judge improperly enhanced his sentence without stating (in writing) the specific reason for departing from the applicable guidelines.

(3) The District judge imposed a fine without first determining his ability to pay.

(4) Forfeiture was not part of the District Court proceedings, and therefore, any forfeiture proceedings in the Circuit Court of Mercer County, West Virginia were in violations of the double jeopardy clause.

(5). His guilty plea was induced by promises made by the prosecutor [Assistant United States Attorney] that he would make no recommendations as to sentencing.

(6) The District Court improperly and illegally relied on hearsay statements in imposing the sentence.

(7) He is eligible for a sentence reduction pursuant to the retroactive application

---

[2]A §2241 petition must be filed in the district wherein the petitioner is in custody. Therefore, although the petitioner was convicted in the Southern District of West Virginia, he is currently incarcerated at FCI Morgantown, which is located in the Northern District of West Virginia.

4

of amendment 657.[3]

The respondent contends that the petitioner is not entitled to any relief under § 2241.

## II. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[4]

---

[3]Amendment 657, adopted by the U.S. Sentencing Commission effective November 1, 2003, changed the method of weighing oxycodone for the purpose of determining offense level.

[4]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

5

Jones, supra at 333-34.

As the record from the Southern District of West Virginia reflects, the petitioner was convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848. Engaging in a continuing criminal enterprise continues to be a violation of 21 U.S.C. §848. Therefore, the petitioner does not meet any of the Jones requirements and has not established a right to proceed in this Court under the provisions found at 28 U.S.C. §2241.

### IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to

---

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

the *pro se* petitioner and any counsel of record.

DATED: June 23, 2006

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE