IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY ARNOLD YOUNG,
    Petitioner,

v.                           CIVIL ACTION NO. 3:06CV20

WARDEN, FCI MORGANTOWN,
    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, filed April 11, 2006. The Petitioner filed objections to the Magistrate Judge's Report and Recommendation on July 3, 2006. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

Magistrate Judge Kaull recommends denying the petition and dismissing this action, styled as a petition under 28 U.S.C. §2241. The Petitioner has previously filed numerous petitions under 28 U.S.C. §2255, and recent petitions under that section have been denied as successive and found to be frivolous. Southern District of West Virginia, Civil Action No. 1:99cv546, Doc. 3. As stated in

**YOUNG V. WARDEN FCI MORGANTOWN**                              3:06CV20

**ORDER ADOPTING REPORT AND RECOMMENDATION**

the Magistrate Judge's Report an Recommendation, relief under §2241 normally must challenge aspects of a petitioner's confinement, rather than the sentence imposed. Only under the limited circumstances set forth in In re Jones and may a petitioner challenge his sentence under §2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Jones conditions are specific to a substantive law change that is not a constitutional law change, as thoroughly discussed on page five of the Magistrate Judge's Report and Recommendation.

The relief the Petitioner seeks in the present action is properly brought under §2255. Id. As indicated above, the Petitioner has filed successive §2255 petitions, exhausting that route of petition.

In his Objections to the Report and Recommendation the Petitioner primarily restates previously resolved arguments that do not address the basis of the Magistrate Judge's Recommendation. Certain objections make some reference to the Recommendation and 28 U.S.C. §2241, however they fail to make any argument as to the Jones factors or why Jones should not be applied.

For example, in Petitioner's "Objection to Page 5, line 2," Petitioner writes, "My sentence is in violation of double jeopardy, ex post facto, and Article 1, §9, clause 3 all of which are applicable under §2241." Petitioner goes on to argue that he is entitled to assistance of counsel, and makes a confusing argument that §2255 ***is an adequate remedy*** in his case. This argument seems to stem from a typographical error on page 5 of the Magistrate Judge's Report, just prior to a correct quote of Jones.[1]

Overall, the Petitioner's arguments are tangentially related to the basis of the Magistrate Judge's recommendation. The Court finds that the Petition should be denied as it seeks to modify the Petitioner's sentence under §2241, absent a showing that Youngs's petitions under §2255 inadequately or ineffectively tested the legality of his conviction. See Id.

---

[1] The first line of the final paragraph on page five reads, ". . . petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an ***adequate*** [sic] or ineffective remedy." (emphasis added). However, the paragraph goes on to correctly quote Jones, writing, ". . . in this respect, the Fourth Circuit has concluded that: 2255 is ***inadequate*** and ineffective to test the legality of conviction when . . . " (emphasis added).

The Court, therefore, **ORDERS** that the Petition to Vacate, Set Aside or Correct Sentence (Document No. 1) be **DENIED**. It is further **ORDERED** that this action be **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation, and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record herein.

**DATED** this 19th day of January 2007.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE